UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER CONDEE, | 1:14-cv-01072-DAD-EPG-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S SECOND AMENDED COMPLAINT BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM |
| v. | |
| SIMSON, *et al.*, | |
| Defendants. | OBJECTIONS, IF ANY, DUE IN 30 DAYS |
| | (ECF No. 18) |

Plaintiff Christopher Condee ("Plaintiff") is proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on July 9, 2014.  (ECF No. 1.)   The Court[1] screened the original complaint, found it failed to state a claim, and dismissed the complaint with leave to amend. (ECF No. 10.)  Plaintiff filed an amended complaint on March 5, 2015.  (ECF No. 11.)  The Court screened Plaintiff's amended complaint on March 30, 2016, found that it still failed to state a claim, and dismissed the complaint with additional leave to amend.  (ECF No. 14.)  Now Plaintiff's Second Amended Complaint is now before the Court.  (ECF No. 18.)

This Court has screened Plaintiff's Second Amended Complaint and finds that it again fails to state a claim as to any defendants.  Plaintiff generally alleges that he suffered from

---

[1] This previous screening order was issued by Magistrate Judge Gary S. Austin.

seizures and hit his head, resulting in chronic migraines.  He believes he should have received an MRI or CAT scan.  While Plaintiff's medical condition appears to be severe, it does not state a claim against any individual defendant for deliberate indifference to serious medical needs.  Merely not receiving a certain test is not enough to state a constitutional claim against members of the prison medical staff.

Given that this is Plaintiff's third complaint and two prior orders have attempted to give guidance to Plaintiff regarding the law in this area, the Court now recommends that the District Judge dismiss Plaintiff's Second Amended Complaint with prejudice and dismiss the case.

## I.   SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal, 556 U.S. at 678.  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id.  While factual allegations are accepted as true, legal conclusions are not.  Id.

2

## II.     SUMMARY OF SECOND AMENDED COMPLAINT

At the time of the events at issue, Plaintiff was incarcerated at Corcoran State Prison in Corcoran, California (CSP), in the custody of the California Department of Corrections and Rehabilitation (CDCR).  In his Second Amended Complaint, Plaintiff asserts claims against four defendants: correctional officer ("c/o") Simsons, Corcoran State Prison; c/o Stinger, c/o Hogan, and c/o Hixs.

Plaintiff alleges that after he fell down the stairs, Plaintiff was never given an MRI or CAT scan.  Instead, Plaintiff was x-rayed and forced to move.  Defendants put Plaintiff in a wheelchair.

Plaintiff asks the Court to look through his medical file, which shows how Plaintiff showed his lower bunk chrono to c/o Simsons when he got to the block.  He was threatened and locked up for the next 5 days.  He then told c/o Singer and s/o Hogan on October 13, 2013 that he had a seizure when he went back to his cell.  He was refused an MRI or CAT scan and forced back to his cell.  He still has problems to this day.  He alleges that everyone knows that when someone falls down the stairs and slits his head open, he needs an MRI unless he declines consent.

## III.    ANALYSIS

### A.      Legal Standards

Section 1983 provides a cause of action against any person who, under color of state law, "subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution."  42 U.S.C. § 1983.  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  "In a § 1983 action, the plaintiff must also demonstrate that the defendant's conduct was the actionable cause of the claimed injury.  To meet this causation requirement, the plaintiff must establish both causation-in-fact and proximate causation."  Harper v. City of L.A., 533 F.3d 1010, 1026 (9th Cir. 2008)

3

(internal citations omitted).  Proximate cause requires "'some direct relation between the injury asserted and the injurious conduct alleged.'" Hemi Group, LLC v. City of New York, 559 U.S. 1, 9 (2010) (quoting Holmes v. Secs. Investor Prot. Corp., 503 U.S. 258, 268 (1992)).

The Ninth Circuit has stated:

> [S]ection 1983 suits do not impose liability on supervising officers under a respondeat superior theory of liability. Instead, supervising officers can be held liable under section 1983 "only if they play an affirmative part in the alleged deprivation of constitutional rights." [citation omitted]. The supervising officer has to "set in motion a series of acts by others...which he knew or reasonably should have known, would cause others to inflict the constitutional injury." [citation omitted].

Graves v. City of Coeur D'Alene, 339 F.3d 828, 848 (9th Cir. 2003), abrogated on other grounds by Hiibel v. Sixth Judicial Dist. Court of Nevada, Humboldt County, 542 U.S. 177 (2004).  Additionally, a supervisor may be liable under section 1983 if a plaintiff can show that "'in light of the duties assigned to specific officers or employees, the need for more or different training is obvious, and the inadequacy so likely to result in violations of constitutional rights, that the policy-makers . . . can reasonably be said to have been deliberately indifferent to the need.'" Clement v. Gomez, 298 F.3d 898, 905 (9th Cir. 2002); see also Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1994) ("Supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation.").

The Eighth Amendment protects prisoners from inhumane conditions of confinement. Id. at 832.  To prevail on an Eighth Amendment claim for deliberate indifference arising out of inadequate medical care, a plaintiff must show "deliberate indifference" to his "serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104 (1976). "This includes 'both an objective standard — that the deprivation was serious enough to constitute cruel and unusual punishment — and a subjective standard — deliberate indifference.'" Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014) (citation omitted).

To meet the objective element of the standard, a plaintiff must demonstrate the existence of a serious medical need.  Estelle, 429 U.S. at 104.  Such a need exists if failure to treat the injury or condition "could result in further significant injury" or cause "the unnecessary and wanton infliction of pain."  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006), quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled in part on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc) (internal quotation marks omitted).  A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain, including "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain."  McGuckin, 974 F.2d at 1059-60.

To satisfy the subjective element of deliberate indifference, the plaintiff must show that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Farmer, 511 U.S. at 837.  A plaintiff must establish that the course of treatment the doctors chose was "medically unacceptable under the circumstances" and that they embarked on this course in "conscious disregard of an excessive risk to plaintiff's health."  Toguchi v. Chung, 391 F.3d 1051, 1058-60 (9th Cir. 2004) (internal citations and quotations omitted).  Indifference may appear "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care."  Hutchinson v. United States, 838 F.2d 390, 392 (9th Cir. 1988) (citing Estelle, 429 U.S. at 106).

"[A] mere difference of medical opinion . . . [is] insufficient, as a matter of law, to establish deliberate indifference."  Toguchi, 391 F.3d at 1058 (internal quotes and citation omitted); see also Brown v. Beard, 445 F. App'x. 453, 455 (3d Cir. 2011) ("A professional disagreement between doctors as to the best course of treatment does not establish an Eighth Amendment violation.").  "Simply showing that another doctor in similar circumstances might

have ordered different treatment," however, "only raises questions about medical judgment and does not show that the physician acted with a culpable mind greater than negligence." Starbeck v. Linn County Jail, 871 F.Supp. 1129, 1144 (N.D. Iowa, Dec. 12, 1994) (citing Noll v. Petrovsky, 828 F.2d 461, 462 (8th Cir. 1987)).  Instead, the plaintiff must not only show that a physician's course of treatment "was medically unacceptable under the circumstances," but that the physician chose it "in conscious disregard of an excessive risk to [the] plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

**B.**     **Analysis of Plaintiff's Claims in Light of Legal Standards**

The Court finds that Plaintiff has failed to state a claim under these legal standards. Although Plaintiff's complaint is difficult to understand, Plaintiff's allegations appear to be that he fell after having a seizure and never received an MRI or CAT scan.  He believes that it is common knowledge that anyone who suffers from a fall requires an MRI or CAT scan, and a failure to give him one is deliberate indifference to his serious medical needs.

The Court is sympathetic to Plaintiff's injury, as it appears to be quite serious. However, the failure to get a specific test alone does not state a constitutional claim.  Plaintiff has not alleged that he suffered a serious medical injury because he did not receive an MRI or CAT scan.  He also has not alleged that anyone in particular knew that he needed an MRI or CAT scan, yet intentionally failed to do so with the knowledge that it would cause Plaintiff serious medical harm.  Instead, it appears that some defendants in the medical staff decided that he did not need those tests, and instead gave him x-rays and other accommodations.  That alone is not enough to state a constitutional claim against any of the individual defendants.  The complaint also fails to describe what role the defendants played in these events.

**IV.**     **CONCLUSION**

The Court finds that Plaintiff's Second Amended Complaint fails to state any cognizable claims upon which relief may be granted under § 1983.  The Court previously granted Plaintiff leave to amend the complaint, with ample guidance by the Court, on two occasions.  Plaintiff has now filed three complaints without stating any claims upon which relief may be granted under § 1983.  The Court finds that the deficiencies outlined above are

6

not capable of being cured by amendment, and therefore further leave to amend should not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); <u>Lopez</u>, 203 F.3d at 1127.

Therefore, **IT IS HEREBY RECOMMENDED** that pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action be dismissed with prejudice for failure to state a claim upon which relief may be granted under § 1983, and that this dismissal be subject to the "three-Strikes" provision set forth in 28 U.S.C. § 1915(g).  <u>Silva v. Vittorio</u>, 658 F.3d 1090, 1098 (9th Cir. 2011).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 27, 2016**          /s/ Erica P. Grosjean

UNITED STATES MAGISTRATE JUDGE

7