**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRISTOPHER CONDEE,<br><br>             Plaintiff,<br><br>       vs.<br><br>CASTILLO, *et al*.<br><br>             Defendant. | Case No. 1:14-cv-01072-DAD-EPG-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 20) |

      Plaintiff Christopher Condee is proceeding *pro se* and *in forma pauperis* in this action alleging violations of 42 U.S.C. § 1983. On September 27, 2016, the Court issued Findings and Recommendations recommending that Plaintiff's Second Amended Complaint be dismissed with prejudice for failure to state a claim. (ECF No. 19.) On October 13, 2016, Plaintiff filed a motion for the appointment of counsel. (ECF No. 20.)

      Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

1

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id*. (internal quotation marks and citations omitted).

Plaintiff argues that exceptional circumstances exist because he has only a sixth grade education and is opposed by "teams of highly skilled and seasoned state's attorneys, whose only job is to thwart prisoner law suits." (ECF No. 20.) Plaintiff contends that, without counsel, his claim will fail because he will not be able to obtain adequate evidence to prove his case.

Plaintiff's case does not demonstrate the exceptional circumstances required for the appointment of counsel. The Court cannot find that there is a likelihood that Plaintiff's claim will succeed on its merits because it has already found that the complaint fails to state a claim. Nor is this finding a result of any inability on Plaintiff's part to articulate his claims. The Court was able to adequately evaluate the facts Plaintiff alleged in his complaints; the recommendation that the complaint be dismissed was made because, even assuming those facts to be true, the complaint does not state a legal cause of action.

Plaintiff's motion for the appointment of counsel (ECF No. 20) is DENIED.

IT IS SO ORDERED.

Dated: __October 18, 2016__     /s/ Erica P. Grosjean
                                UNITED STATES MAGISTRATE JUDGE